IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| **HAWAII LABORERS' TRUST FUND** )<br>(Hawaii Laborers' Health and )<br>Welfare Trust Funds by its )<br>trustees Harry Ushijima, Albert )<br>Hamamoto, Mel Cremer, Benjamin )<br>Saguibo, Daniel Nakamura, )<br>Stephanie C. Mahelona, Walter )<br>Arakaki, Antonio J. Saguibo, )<br>Jr., Anacleto Alcantra), )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**STRUCTURAL DYNAMICS INC.** )<br>)<br>Defendant. )<br>_____ ) | Civ. No. 05-00343 ACK/BMK |

## ORDER MODIFYING IN PART AND ADOPTING THE MODIFIED FINDINGS AND RECOMMENDATION

On March 9, 2006, Plaintiffs filed a Motion for Entry of Default Judgment Against Defendant Structural Dynamics Inc. ("Motion for Default Judgment"). No opposition was filed. On April 26, 2006, Magistrate Judge Barry M. Kurren issued Findings of Fact and Recommendation for Disposition re: Plaintiffs' Motion for Entry of Default Judgment Against Defendant (the "F&R"). No objections to the F&R were filed.

In the F&R, Magistrate Judge Kurren finds and recommends that default judgment be entered against Defendant in the amount of $71,452.34 plus legal interest and reasonable

attorney's fees and costs.  See F&R at 5.  The $71,452.34 recommended judgment breaks down as follows:

        unpaid contributions:    $24,161.28

        interest:                   $12,436.90

        liquidated damages:     $34,854.16

See F&R at 4.  These figures are based on a memorandum in support of Plaintiffs' Motion for Default Judgment and on an affidavit of Ryan J.Q. Lee, both submitted on March 9, 2006.

On May 31, 2006, this Court ordered Plaintiffs to file a supplemental memorandum and affidavit in support of the Motion for Default Judgment, to explain how the figures for unpaid contributions, interest, and liquidated damages were calculated. See Order Directing Plaintiffs to File Supplemental Memorandum and Affidavit (May 31, 2006).  On June 16, 2006, Plaintiffs filed a Supplemental Memorandum in Support of Motion for Entry of Default Judgment and a supporting declaration of Tracy Masuda, the acting Audit Supervisor for the Hawaii Laborers' Trust Funds.[1]

Based on the Masuda Declaration, the Court adopts the finding in the F&R that for the period from May 2004 to present, Defendant had an outstanding balance of $24,161.28 in unpaid contributions.  See Masuda Declaration at ¶ 9; id. at Exhibit 1;

---

[1] The Masuda Declaration was missing two exhibits when filed on June 16, 2006.  Plaintiffs filed those missing exhibits on June 22, 2006.

<u>see also</u> Master Agreement Covering Construction Laborers in the State of Hawaii at 20 (hereinafter "CBA") (attached to Complaint).

Based on the Masuda Declaration, the Court modifies the F&R by finding that for the period from June 2004 through May 2006, Defendant owes $5,473.54 in interest on the unpaid contributions. <u>See</u> Masuda Declaration at ¶¶ 12-13; <u>see also</u> <u>id.</u> at Exhibit 1. This figure, which is contained in the Masuda Declaration, is lower than the figure found in the F&R (as taken from the Lee Affidavit), but Plaintiffs do not explain why or how the interest calculation has changed from the Lee Affidavit to the Masuda Declaration. The $5,473.54 figure found in the Masuda Declaration appears to be consistent with the amount of unpaid contributions and 12% per annum interest rate set forth in the CBA, and is therefore adopted by this Court. <u>See</u> CBA at 20.

Finally, the Court adopts the finding in the F&R that Defendant owes a total of $34,854.16 in liquidated damages, with the following modifications.

First, the Court finds that for the period from May 2004 to present, Defendant owes $3,307.75 in liquidated damages pursuant to the Employee Retirement Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(g). ERISA mandates an award of $3,307.75 in liquidated damages on the $24,161.28 in unpaid contributions that were pending when Plaintiffs filed this

lawsuit.  See Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989) (the liquidated damages provision of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii), mandates liquidated damages "when (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of the suit, and (3) the plan provides for liquidated damages"); see also CBA at 20 (providing for 20% liquidated damages, or $20, whichever is greater, on delinquent contributions).

Second, the Court finds that Defendant owes an additional $31,546.41 in liquidated damages on delinquent contributions that were paid prior to the filing of this lawsuit. See Masuda Declaration at ¶¶ 7-10; see also id. at Exhibit 2. This $31,546.41 in liquidated damages is awarded pursuant to the terms of the CBA, since ERISA does not apply to (nor preempt) liquidated damages for delinquent contributions that were paid prior to filing of the lawsuit.  See CBA at 20 (providing for 20% liquidated damages, or $20, whichever is greater, on delinquent contributions); Idaho Plumbers, 875 F.2d at 217; see also Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796, 797 (9th Cir. 1990).

This $31,546.41 liquidated damages award is not an unlawful penalty.  See Idaho Plumbers, 875 F.2d at 217 (liquidated damages provision must meet two conditions for

4

enforceability: (1) the harm caused by a breach must be very difficult or impossible to estimate; (2) the amount fixed must be a reasonable forecast of just compensation for the harm caused). Plaintiffs have established that the harm caused by the breach is very difficult or impossible to estimate and the 20% liquidated damages provision contained in the contract is a reasonable forecast of just compensation for the harm caused. See Complaint at 6 ("[I]t was, and now is, extremely difficult to fix the amount of actual damages suffered by Plaintiffs as a result of the nonpayment of the required trust fund contributions.  The liquidated damages as . . . alleged represented and now represent a reasonable endeavor to ascertain and compensate the Trust Funds for the damages caused the Trust Funds by nonpayment of the required trust fund contributions."); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

  The Court concludes that Section 14.9(d)(2) of the CBA makes a prima facie showing of the difficulty of estimating the harm to plaintiffs and the requisite good faith attempt, at least in the context of this default proceeding. See CBA at 21 (delinquent contributions "impose[] additional burden and expense upon the Trustees in the collection thereof; in the

5

administration of the Trust Funds, including but not limited to the processing of late contribution reports, correspondence and other communication with said Contractor; and, in addition thereto may cause a loss of benefits to employees, and loss of benefit of the use of the amounts required to be paid, all of which are difficult to accurately ascertain"); see also Board of Trustees of the Northern California Floor Covering v. Floor Seal Technology, No. C 00-0009 CRB, 2000 WL 973686 at *2 (N.D. Cal. June 30, 2000) (entering default judgment for contractual liquidated damages on contributions that were paid late and thus not subject to ERISA; finding that the language of the trust agreement made a prima facie showing of the difficulty in estimating the harm to plaintiffs and the good faith attempt of the parties to reasonably forecast just compensation for the harm caused).  The Court concludes that Section 14.9(d)(2) of the CBA demonstrates the parties' awareness of the Idaho Plumbers case and thus a good faith attempt to satisfy the requirements set forth in that case.  See Floor Seal Technology, 2000 WL 973686 at *2.

In summary, the Court finds that Plaintiffs are entitled to default judgment against Defendant in the amount of $64,488.98, plus legal interest from June 1, 2006 until paid in full, and reasonable attorney's fees and costs.  This judgment breaks down as follows:

      unpaid contributions:    $24,161.28

      interest:    $5,473.54

      liquidated damages:    $34,854.16

## **CONCLUSION**

As explained herein, the Court modifies the F&R to find that entry of default judgment against Defendant is appropriate in the amount of $64,488.98, plus interest from June 1, 2006 until paid in full, and reasonable attorney's fees and costs. With the modifications described in this order, the F&R is adopted.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, July 13, 2006.

_____
Alan C. Kay
Sr. United States District Judge

Hawaii Laborers' Trust Funds v. Structural Dynamics Inc., Civ. No. 05-00343 ACK/BMK, ORDER MODIFYING IN PART AND ADOPTING MODIFIED FINDINGS AND RECOMMENDATION.